United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50902
Summary Calendar

_____

KYLE HOLLAND,

Plaintiff - Appellant,

versus

GEXA CORP.; MARCIE ZLOTNICK; KYLE MCDONALD; DAN FOGARTY;
NORMAN GEORGE; STEVEN BETHKE; KIM PETERSON; CAROL JENKINS;
NEIL LEIBMAN

Defendants - Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas, Austin Division
No. 1:03-CN-904

_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Kyle Holland brings this appeal seeking review of the district court's dismissal without prejudice of his claims of securities and common law fraud. Reviewing the district court's Rule 12(b)(6) dismissal <u>de</u> <u>novo</u>, and the denial of leave to replead for abuse of discretion, we affirm the district court's judgment dismissing the case essentially for the reasons provided in the magistrate judge's

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thorough and well-reasoned recommendation to dismiss including the following:[2]

1.    Holland has failed sufficiently to plead damages to support either his claim under Section 10(b) of the Securities and Exchange Act or his claim under Rule 10b-5.  Further, as correctly noted below, the facts as pled by Holland show that he lacked standing to bring either claim as he is neither a purchaser nor seller in connection with the subject stock exchange.[3] Additionally Holland's failure specifically to plead the purchase price he paid for his stock, and that the alleged violations of Section 10(b) and Rule 10b-5 caused the stock to lose value, further evince both Holland's lack of standing and insufficient pleading as to those claims.[4]

---

[2]  Additionally we note that the magistrate judge's depiction of the complaint as unclear is a forgiving description of the pleading involved.  The plaintiff's briefing on appeal, consistent with the confusion of the complaint, has made our task difficult.

[3]  To cure the standing problem Holland appears to make some sort of dilution claim.   Yet this Circuit has consistently recognized a claim of dilution of shareholder's equity as insufficient to create standing in these types of securities claims.  See, e.g., Meyers v. Moody, 693 F.2d 1196, 1216 n.16 (5th Cir. 1983); Sargent v. Genesco, Inc. 492 F.2d 750 (5th Cir. 1974); Wolf v. Frank, 477 F.2d 467 (5th Cir. 1973) (all finding that dilution of shareholder's equity does not, in itself, confer "purchaser" or "seller" status on a plaintiff seeking to achieve the required standing in a direct action).

[4] The failure to plead causation is not surprising as the allegedly fraudulent transaction Holland contends is the basis for his Rule 10b-5 claim (the EZUTILITIES transaction on July 1, 2001) occurred several weeks after Holland purchased the stock in question (stock purchase occurred on June 10, 2001).

2. Holland's attempt to cure his lack of standing, by contending that his claims are somehow derivative, was also correctly rejected below. Holland's pleading, although difficult to decipher, asserts derivative claims based only on the common law breach of a fiduciary duty. The court below correctly noted that Holland had not pled a derivative claim under any federal securities law, and even if a claim could be construed to exist, it certainly was not pled with the particularity required.

3. Holland's claim under Section 12(2) of the Securities Act of 1933 was also properly dismissed.[5] Holland's claim under Section 12(a)(2) appears to be that GEXA unlawfully issued the stock based on allegedly fraudulent private placement memoranda, when in actuality it was making a public offering requiring registration. To the extent that Holland is alleging fraud in the content of the memoranda, he has failed to plead any reliance on that information that induced his purchase. Further, any claim for fraud in the memoranda was improperly pled under Section 12(a)(2) as that section applies only to public offerings. See Lewis v. Fresne, 252 F.3d 352 (5th Cir. 2001) (holding that under Gustafson v. Alloyd Co., 115 S.Ct. 1061 (1995), Section(a)(2) liability does not attach unless the fraud occurred in the context of a public offering). To the extent that Holland claims the private placement

---

[5] Section 12(2) was amended in 1995 and renumbered as Section 12(a)(2). We assume, as did the court below, that Holland intended to assert his claim under the current statute.

3

memoranda were unlawful because the offerings should have been made through a registered prospectus, his actual claim would be under Section 12(a)(1), which provides for rescission of sales of securities improperly accomplished without registration. Holland has not asserted a claim under section 12(a)(1), nor has he alleged any facts demonstrating the sale was actually a public offering.

4. Finally, the court below, having dismissed all of Holland's federal claims, dismissed his pendent state law claims.[6] Federal courts have discretion in determining whether to exercise supplemental jurisdiction over state law claims even where the federal claims have been dismissed. See 28 U.S.C. 1367(c)(3). Where the federal claims are dismissed before trial, however, the relevant factors weigh heavily in favor of dismissing the state law claims. "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." See, e.g., Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585-86 (5th Cir. 1992) (finding the district court abused its discretion in maintaining supplemental jurisdiction over state law claims where the federal claims were dismissed early in the litigation). Consequently, the court did not err in dismissing Holland's state law claims.[7]

_____

[6] Specifically, these include Holland's claims for negligence, negligence per se, common law fraud, statutory fraud under the Texas Securities Act, conspiracy, and a shareholder derivative claim for breach of fiduciary duty.

[7] We note additionally that even were the federal claims not

4

To sum up, the district court did not err in granting defendants' 12(b)(6) motion, and thus the judgment dismissing Holland's claims is

AFFIRMED.

---

dismissed, the lack of clarity in pleading these state law claims would possibly justify their independent dismissal for failure to meet the requirements of Rules 8(a) and 9(b).  <u>See</u> FED. R. CIV. P. 8(a) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 9(b) (imposing more stringent pleading requirements for fraud claims).